ALGERNON S. SULLIVAN, as Administrator, etc., Appellant, *v.* THE REMINGTON SEWING MACHINE COMPANY, Respondent.

*Costs — when an executor or administrator cannot be required to give security for — Code of Civil Procedure, sec. 3271.*

Section 3271 of the Code of Civil Procedure authorizing the court, in its discretion, to require an executor or administrator to give security for costs, only applies to actions originally brought by or against an executor or administrator, and not to an action originally brought by the deceased, and simply revived in favor of his personal representatives.

APPEAL from an order made at a Special Term, requiring the plaintiff to file security for costs.

*H. Wehle,* for the appellant.

*T. Richardson,* for the respondent.

PER CURIAM:

The action was brought by the intestate in his lifetime to recover a demand claimed to have been owing to him from the defendant, and an issue was joined and a reference ordered and testimony taken before the referee, previous to the time of his decease. Since then the action has been revived in behalf of the plaintiff as administrator, and he has been required to give security for the defendant's costs under the authority of section 3271 of the Code of Civil Procedure. But that section is manifestly inapplicable, and does not include an action brought by the intestate during his lifetime, and after his decease revived by his personal representative. It is only applicable to actions brought by or against an executor or administrator, and does not apply to an action simply revived in favor of such a personal representative.

The provision in this respect is similar in its terms to that relating to the recovery of costs in actions brought by administrators or executors, and that has been held not to include actions brought by the intestate or deceased in his lifetime, and subsequently revived in favor of the personal representative. (*Tindall* v. *Jones,* 19 How., 469; *Merritt* v. *Thompson,* 27 N. Y., 225.)

These statutes have been framed substantially in the same terms, and that requires a similar construction to be given to both. And under the construction which by these authorities has been placed upon the provisions of the statute relating to costs, this section of the Code should not be extended to an action brought by the intestate in his lifetime and after his decease revived on behalf of his personal representative. The order accordingly was erroneous and should be reversed, with ten dollars costs and disbursements.

Present — BRADY, P. J., and DANIELS, J.

Order reversed, with ten dollars costs and disbursements.